UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALLYSON LOCKARD, by and through
her Next of Friend, ANTHONY LOCKARD, and
ANTHONY LOCKARD, individually.

      Plaintiff,

v.                                        CASE NO: 21-cv
                                          HON:

ANTRIM COUNTY, and
MATTHEW GERKIN and CHARLIE LAPAN
In their individual and official capacities.

      Defendants,

| CHRISTOPHER TRAINOR & ASSOCIATES <br> CHRISTOPHER J. TRAINOR (P42449) <br> AMY J. DEROUIN (P70514) <br> THOMAS P. KERR (P84864) <br> Attorneys for Plaintiff <br> 9750 Highland Road <br> White Lake, MI 48386 <br> (248) 886-8650 / (248) 698-3321 (fax) <br> Amy.derouin@cjtrainor.com <br> Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, **ALLYSON LOCKARD, by and through her next of friend, ANTHONY LOCKARD, and ANTHONY LOCKARD, individually,** by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants states as follows:

1

1. Plaintiffs are residents of the City of Gaylord, County of Otsego, State of Michigan.

2. Defendant ANTRIM COUNTY is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant MATTHEW GERKIN is and/or was a Sheriff's Deputy employed by the Antrim County Sheriff's Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. Defendant CHARLIE LAPAN is and/or was a Sheriff's Deputy employed by the Antrim County Sheriff's Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5. All relevant events giving rise to this lawsuit occurred in the City of Mancelona, County of Antrim, State of Michigan.

6. This lawsuit arises out of Defendants' violation of Plaintiffs' federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiffs have a viable claim for damages under 42 U.S.C. § 1963. Plaintiff also has viable state law claims.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not included interest, costs, and attorney fees.

## FACTS

9. On November 22, 2019, Plaintiff Anthony Lockard called 911 to complain that his daughter's baseball coaches, Megan and Daniel McIntosh, would not return his daughter, Plaintiff Allyson Lockard, to his custody.

10. Defendant Lapan responded to the call and arrived at Meghan and Daniel Macintosh's residence to meet with Plaintiff Anthony Lockard.

11. Defendant Lapan then called Defendant Gerkin to assist with the situation.

12. Defendant Gerkin then went into the residence to speak with Meghan and Daniel Macintosh and exited shortly after.

13. Defendant Gerkin came out of the residence he stated that he would not release Plaintiff Allyson Lockard into Plaintiff Anthony Lockard's custody.

14. That CPS informed both Defendants that Plaintiff Anthony Lockard had no claims against him and that Plaintiff Anthony had the immediate right of custody of his child, Plaintiff Allyson Lockard, however, Defendants did not release Plaintiff Allyson into Plaintiff Anthony's custody.

15. Defendants threatened to arrest Plaintiff Anthony for trespassing if he did not leave the Macintosh's residence.

16. Plaintiff Anthony Lockard then called 911 again to explain that he was not okay with his daughter, Plaintiff Allyson Lockard staying overnight at the McIntosh's residence and that he wanted his child but nothing was done.

17. That it was not until the following day, when Plaintiff Anthony Lockard called 911 again and was assisted by Deputy Selley and Cicansky as well as CPS that he was able to gain custody of his daughter, Plaintiff Allyson Lockard.

18. As a result of Defendants' unlawful actions and/or inactions, Plaintiffs sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983—SUBSTANTIVE DUE PROCESS

19. Plaintiff Anthony realleges and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

20. That the Fourteenth Amendment to the United States Constitution establishes that Plaintiff Anthony has a constitutionally protected interest in life, liberty, or property which cannot be deprived by state action without due process of law.

21. That under the Fourteenth Amendment Plaintiff Anthony has a constitutionally protected liberty interest in the care, custody, and management of his child, Plaintiff Allyson.

22. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourteenth Amendment rights when they refused to turn over Plaintiff Allyson to Plaintiff Anthony.

23. Defendants actions were egregious, arbitrary, and conscience shocking when they refused to turn over Plaintiff Allyson to Plaintiff Anthony.

24. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from deprivation of liberty without due process.

25. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of his constitutional rights.

26. Due to Defendants' actions and/or inactions, Plaintiff's Fourteenth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—UNREASONABLE SEARCHES AND SIEZURES

27. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That the Fourth Amendment to the United States Constitution establishes that Plaintiffs have the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

29. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights by preventing Plaintiff Allyson from being with her father, Plaintiff Anthony.

30. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable seizures.

31. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

32. Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## DEFENDANT ANTRIM COUNTY CONSTITUTIONAL VIOLATIONS

33. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

34. Defendant ANTRIM COUNTY permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights as complained of herein.

35. These customs, practices, and/or policies included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

   c. Failing to adequately train and/or supervise police officers regarding proper procedures for conducting investigations into alleged criminal conduct;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant ANTRIM COUNTY knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for conducting criminal investigations.

36. Defendant's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

37. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiffs' injuries.

38. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiffs' constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiffs have a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                        Respectfully Submitted,
                                        CHRISTOPHER TRAINOR & ASSOCIATES

                                        **s/ Christopher Trainor**
                                        CHRISTOPHER J. TRAINOR (P42449)
                                        AMY J. DEROUIN (P70514)
                                        THOMAS P. KERR (P84864)
Dated: June 29, 2021          Attorneys for Plaintiff
CJT/TPK                            9750 Highland Road
                                        White Lake, MI  48386

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ALLYSON LOCKARD, by and through
her Next of Friend, ANTHONY LOCKARD, and
ANTHONY LOCKARD, individually.

      Plaintiff,

v.                                           CASE NO: 21-cv
                                            HON:

ANTRIM COUNTY, and
MATTHEW GERKIN and CHARLIE LAPAN
In their individual and official capacities.

      Defendants,

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |
|---|---|

## **DEMAND FOR JURY TRIAL**

10

**NOW COME** Plaintiffs, **ALLYSON LOCKARD, by and through her next of friend, ANTHONY LOCKARD, and ANTHONY LOCKARD, individually,** by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        THOMAS P. KERR (P84864)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        amy.derouin@cjtrainor.com

Dated: June 29, 2021
*CJT/TPK*